UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDEZ TANNYHILL,

        Plaintiff,

v.

LM MANUFACTURING, LLC,

        Defendant.
_____/

Case No. 2:24-cv-11800

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTION TO APPROVE
SETTLEMENT [27] AND DISMISSING THE CASE WITH PREJUDICE**

The parties reached a putative settlement agreement, and Plaintiff moved for approval. ECF No. 24. The Court ordered supplemental briefing to address the Court's concerns with the parties' original submission. ECF No. 25. Plaintiff then filed an unopposed response—including an amended settlement agreement and settlement notice—and submitted a revised motion for approval. ECF Nos. 26, 27. The Court will grant the motion and dismiss the case with prejudice.

The Sixth Circuit has yet to definitively answer the question of whether court approval is required for FLSA settlement agreements. This Court, however, has held that FLSA claims cannot be waived or privately settled by the parties without the approval of either the Secretary of Labor or a district court. *See, e.g., Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964–65 (E.D. Mich. 2021); *Snook v. Valley-OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. 2015). But other Judges in this Circuit have held otherwise. *See McCaskill v. Samsung SDI America,*

1

*Inc.*, No. 2:24-cv-11719, ECF No. 11, PageID.32–34 (E.D. Mich. 2024) (Murphy, J) (collecting cases). Most notably, Judge Beaton in the Western District of Kentucky thoroughly explained how the supposed settlement-approval requirement is unmoored from the text of the FLSA and Federal Rule of Civil Procedure 41. *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 643 (W.D. Ky. 2022). Although at present the Court is not required to approve FLSA settlement agreements, the Court will nevertheless review the motion and settlement agreement at the parties' request. But the Court will not hold a hearing because one is neither expressly required nor necessary to approve the settlement agreement. *See* E.D. Mich. L.R. 7.1(f)(2).

When considering approval, "the Court must determine that the parties were engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Athan*, 523 F. Supp. 3d at 965. A bona fide dispute exists when the employer's liability is "actually and reasonably in dispute." *Id.* A settlement agreement is fair and reasonable if it "reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio 2011) (quotation and quotation marks omitted).

Here, there was a bona fide dispute. Plaintiff alleged that Defendant violated the FLSA by failing to pay Plaintiff and the putative collective members the proper overtime rate. ECF No. 1 PageID.4. Defendant, in turn, denied it violated the FLSA. ECF No. 10, PageID.46. The parties also disagreed as to whether collective

2

certification would be granted and whether liquidated damages would be awarded. ECF No. 27, PageID.246.

Next, the settlement terms are fair and reasonable. Settlement amounts are determined using a formula that accounts for the amount of alleged unpaid overtime specific to each eligible employee. ECF No. 27-2, PageID.289. The total settlement amount that will be paid to eligible employees is $18,333.33, which is fair given the complexity, expense, and likely duration of the litigation. ECF No. 27-2, PageID.288; *see also* ECF No. 27, PageID.246. Plaintiffs' likelihood of success on their claims is uncertain and would require "complex, costly, and protracted wrangling," which would increase the risk and cost to both parties. *Id.* What is more, the parties engaged in substantial investigation prior to reaching the settlement agreement, including the exchange of employment and payroll data. *Id.* at 247. And experienced counsel represented the parties throughout the litigation and settlement negotiations. The parties were therefore fully aware of their rights, risks, and interests when they agreed to the proposed settlement.

The Court will thus grant the motion to approve the settlement because it is a fair and reasonable resolution of the bona fide dispute.

**WHEREFORE**, it is hereby **ORDERED** that the revised motion to approve the settlement [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to approve the settlement [24] is **DENIED AS MOOT**.

**IT IS FURTHER ODRERED** that the case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: September 24, 2025